## UNITED STATES COURT OF APPEALS
### For the Fifth Circuit

No. 95-30182
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID JEROME FRANK,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-1925)

October 6, 1995

Before THORNBERRY, GARWOOD, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant David Jerome Frank was convicted by a jury of two counts of possession with intent to distribute cocaine base, one count of distribution of cocaine base, and one count of using a firearm in relation to a drug-trafficking crime. He was assessed concurrent 121-month sentences for the drug convictions, and a sixty-month term for the firearm count, which was ordered to run consecutive to the other sentences. Frank

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

appeals the dismissal with prejudice of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2255.

## Background

In this habeas corpus petition, Frank contends, *inter alia*, that his attorneys were ineffective for failing to perfect an appeal on his behalf. Frank asserts that after sentencing but before leaving the courtroom, he asked his attorneys to appeal his convictions. Counsel told Frank and his mother that they would proceed with an appeal. However, it was not until several months had passed that Frank discovered that no notice of appeal was ever filed. Frank complains that counsel never informed him that they were not pursuing the appeal, and it was only after writing numerous letters to counsel that he finally received a copy of the motion to withdraw that counsel had filed in August 1994. Frank's attorneys have never explained why they did not perfect his appeal. Because counsel abandoned him, Frank asserts he is entitled to an out-of-time appeal.

The district court did not hold an evidentiary hearing as Frank had requested, but concluded that there was no evidence in the record to show Frank had informed his attorneys of his desire to appeal, and the court at sentencing did advise him that he had the right to appeal. The court construed Frank's claim as an assertion that counsel had failed to advise him of his right to appeal. However, this is not the contention, as the above discussion shows. Frank's complaint is that counsel failed to appeal after he had told them that he in fact did want to appeal his convictions.

## Discussion

A criminal defendant has a constitutional right to the effective assistance of counsel in his first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 395-97, 105 S.Ct. 830, 835-36 (1985). The defendant is entitled to relief if he directed his attorney to file an appeal and

2

counsel disregarded his instructions. Norris v. Wainwright, 588 F.2d 130, 134 (5th Cir.), *cert. denied*, 444 U.S. 846 (1979). If the defendant makes known his desire to appeal a conviction, he does not waive his appeal unless it is clear to him that the attorney will not appeal on the defendant's behalf. *See* United States v. Gipson, 985 F.2d 212, 216-17 n.7 (5th Cir. 1993). If the defendant shows his attorney's lapse resulted in the denial of an appeal, he need not show prejudice. Childress v. Lynaugh, 842 F.2d 768, 772 (5th Cir. 1988). When counsel's failure to file a notice of appeal rises to the level of ineffective assistance either by his misleading the defendant into thinking that a notice of appeal has been filed, or by promising to file a notice but failing to do so, the proper remedy is an out-of-time appeal. Gipson, 985 F.2d at 216.

The district court may deny a § 2255 motion without a hearing or further proceedings "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record before this Court provides no insight into why counsel filed no notice of appeal. Frank has sworn by his verified pleadings that he informed counsel of his desire to appeal and that counsel promised to appeal his convictions. The government correctly responds that besides Frank's pleadings, there is nothing in the record to substantiate his claims. Consequently, the record does not conclusively show that Frank is not entitled to any relief. Bartholomew, supra.

Therefore, since Frank has asserted facts which, if true may entitle him to an out-of-time appeal, we vacate the district court's § 2255 judgment and remand the case for an evidentiary hearing in order that Frank may further develop his claim of abandonment by appellate counsel. If Frank successfully proves his claim, the petition should be dismissed without prejudice, and he should be allowed to file an out-of-time appeal. If the district court determines that Frank is not entitled to any relief, it should reinstate its judgment denying the petition. If Frank then appeals, this Court will review his remaining claims.

Conclusion

The judgment of the district court is vacated and the cause is remanded for an evidentiary determination of Frank's ineffectiveness claim as it relates to his entitlement to an out-of-time appeal.

VACATED AND REMANDED.